People v Delacruz (2018 NY Slip Op 03472)





People v Delacruz


2018 NY Slip Op 03472


Decided on May 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018

Friedman, J.P., Sweeny, Gesmer, Kern, Singh, JJ.


6167 30034/16

[*1] The People of the State of New York, Respondent,
v
Jean Carlos Delacruz, Defendant-Appellant. New York Civil Liberties Union and Youth Represent, Amici Curiae.


Rosemary Herbert, Office of the Appellate Defender, New York (Kate Mollison of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.
New York Civil Liberties Union Foundation, New York (Erin Beth Harrist of counsel), for New York Civil Liberties Union, amicus curiae.
Youth Represent, New York (Saskia Valencia of counsel), for Youth Represent, amicus curiae.



Order, Supreme Court, New York County (Juan M. Merchan, J.), entered on or about April 5, 2017, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The principal claim made by defendant and amici curiae is that a person who commits a sex crime between the ages of 16 and 17 should be spared lifetime public registration, and thus should not be adjudicated a sex offender at a level higher than level one, at least without an individual clinical evaluation. Although defendant and amici raise substantial arguments, they have not established that any aspect of either the applicable statute or the risk assessment instrument is unconstitutional.
We have considered and rejected defendant's further challenges to various point assessments, since clear and convincing evidence supports each of the assessments at issue.
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument or outweighed by aggravating factors, including the seriousness and violent nature of his underlying offenses.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 15, 2018
CLERK